J-S03027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERMAINE ABRAMS | : | |
| | : | |
| Appellant | : | No. 1568 EDA 2022 |

Appeal from the PCRA Order Entered June 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1109861-2002,
CP-51-CR-1111452-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERMAINE ABRAMS | : | |
| | : | |
| Appellant | : | No. 1569 EDA 2022 |

Appeal from the PCRA Order Entered June 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1109861-2002,
CP-51-CR-1111452-2002

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED AUGUST 21, 2023**

In these consolidated appeals, Jermaine Abrams (Appellant) appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas dismissing his serial Post Conviction Relief Act (PCRA)[1] petition as untimely.

---

[1] 42 Pa.C.S. §§ 9541-9545.

On appeal, he advances arguments that his petition was timely filed under the newly discovered evidence and governmental interference exceptions,[2] and the PCRA court erred when it did not permit him leave to amend his petition. As we agree with the PCRA court that Appellant's petition is untimely, we affirm.

We glean the following underlying facts and procedural history from a prior memorandum of this Court:

> In 2002, at the age of 17, [Appellant] participated in . . . three [ ] robberies, two in Philadelphia[, Pennsylvania] and one in Chester, Delaware County, Pennsylvania. All three robbery victims were shot multiple times; two did not survive. In February 2004, [Appellant] and his co-defendant[,] Caleb Butler[,] were tried jointly for one of the murders before the Honorable Jane Cutler Greenspan. The jury found [Appellant] guilty of first[-]degree murder, robbery, criminal conspiracy, possession of an instrument of [a] crime, and one violation of the Uniform Firearms Act (VUFA). In March 2004, [Appellant] was tried by a separate jury for [the other] murder. The jury found [Appellant] guilty of first[-]degree murder, criminal conspiracy, possession of an instrument of [a] crime, and one violation of the VUFA. At both trials, Anthony Murphy, [Appellant's] co-conspirator in one of the robberies, testified against him.
>
> On May 6, 2004, Judge Greenspan sentenced [Appellant] to consecutive life sentences for the murders as well as a consecutive aggregate term of 44 to 90 years['] state incarceration [for] the remaining charges.
>
> [Appellant] did not file a direct appeal in either case. On October 4, 2004, [however,] he filed a PCRA petition, requesting that his appellate rights be reinstated *nunc pro tunc*. This request was granted[,] and he filed direct appeals. On January 13, 2006, [this Court] affirmed [Appellant's] judgment[s] of sentence. [***See***

---

[2] 42 Pa.C.S. § 9545(b)(1)(i)-(ii).

> ***Commonwealth v. Abrams***, 1024 EDA 2005 (unpub. memo.)
> (Pa. Super. Jan. 13, 2006). [Our Supreme Court subsequently]
> denied *allocatur* on August 29, 2006. [***See Commonwealth v.
> Abrams***, 56-57 EAL 2006 (Pa. Aug. 29, 2006)].
>
> On April 5, 2007, [Appellant] filed his first substantive PCRA
> petition. On December 11, 2007, [court-appointed] counsel filed
> a "no-merit" letter pursuant to [***Commonwealth v. Turner***, 544
> A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213
> (Pa. Super. 1988) (*en banc*)]. Judge Greenspan dismissed [the]
> petition based upon counsel's [***Turner***/***Finely*** letter] on February
> 5, 2008. [This Court affirmed the PCRA court's dismissal on
> December 17, 2008. ***See Commonwealth v. Abrams***, 1059
> EDA 2008 (unpub. memo.) (Pa. Super. Dec. 17, 2008).]

***Commonwealth v. Abrams***, 3054/3055 EDA 2019 (unpub. memo. at 2-3)

(Pa. Super. Sept. 8, 2020) (paragraph break added & citation omitted).

Appellant filed a second *pro se* PCRA petition on July 6, 2010, followed by several *pro se* pleadings wishing to amend his petition and requesting an evidentiary hearing. **See** Appellant's *Pro Se* Motion for Post Conviction Collateral Relief, 7/6/10; Appellant's *Pro Se* Motion for Post Conviction Collateral Relief, 5/26/11.[3] In his petition and supplemental filings, Appellant alleged he was entitled to relief under ***Graham v. Florida***, 560 U.S. 48 (2010), and ***Miller v. Alabama***, 567 U.S. 460 (2012), because he was

---

[3] **See also** Appellant's *Pro Se* Addendum to Amend Already Filed PCRA Petition, 3/28/12; Appellant's *Pro Se* Amendments to Already Filed PCRA, 7/30/12; Appellant's *Pro Se* Petition for Evidentiary Hearing on Ground of Jurisdiction, 8/20/13; Appellant's *Pro Se* Addendum to Already Filed PCRA Petition, 10/2/13; Appellant's *Pro Se* Addendum to Already Filed PCRA Petition, 1/31/14.

sentenced to life without parole as a juvenile.[4]  **See** Appellant's *Pro Se* Amendments to Already Filed PCRA, 7/30/12, at 1-2 (unpaginated); Appellant's *Pro Se* Motion for Post Conviction Collateral Relief, 7/6/10, at 3, 7. On November 12, 2015, the PCRA court issued a notice to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907, stating that **Miller** was not held to be applied retroactively.  **See** Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 11/12/15.  On December 22, 2015, the PCRA court dismissed his second petition as untimely.

Appellant filed a *pro se* notice of appeal.  While the matter was pending before this Court, the United States Supreme Court decided **Montgomery v. Louisiana**, 577 U.S. 190, (2016).  In **Montgomery**, the Supreme Court held that **Miller** announced a new substantive rule of law that applies retroactively.[5]  Thereafter, this Court held that **Montgomery** renders "retroactivity under **Miller** effective as of the date of the **Miller** decision." **Commonwealth v. Secreti**, 134 A.3d 77, 82 (Pa. Super. 2016).

_____

[4] In **Graham**, the United States Supreme Court held that the Eighth Amendment prohibits the imposition of a life without parole sentence on a non-homicide juvenile offender.  **Graham**, 560 U.S. at 82.  In **Miller**, the United States Supreme Court extended this decision and held the Eighth Amendment also prohibited sentences of life without parole in juvenile homicide cases.  **See Miller**, 567 U.S. at 465.

[5] After the United States Supreme Court issued **Montgomery**, Appellant filed a *pro se* document requesting to "reinstate" his previously dismissed PCRA petition requesting relief under **Miller**.  **See** Appellant's *Pro Se* Petition to Reinstate PCRA Due to Recent Retroactive Decision of the High Court: (Relating to Retroactive Application of Juvenile Lifer's), 2/1/16, at 1-3.

Consequently, in the present matter, a panel of this Court reversed the PCRA court's order and remanded for resentencing. ***Commonwealth v. Abrams***, 262 EDA 2016 (Judgment Order at 1-2) (Pa. Super. Feb. 16, 2017).

The trial court scheduled a hearing on December 18, 2018, to resentence Appellant at each docket. ***See*** N.T. H'rg Vol. 1, 12/18/18, at 6. However, before the hearing, on December 10th, he filed a counseled third PCRA petition. ***See*** Appellant's Post Conviction Relief Act Petition, 12/10/18. On September 12, 2019, the court dismissed Appellant's third petition as untimely. Order, 9/12/19. On September 8, 2020, this Court affirmed the order dismissing his petition. ***Abrams***, 3054/3055 EDA 2019 (unpub. memo. at 2).

Thereafter on November 15, 2021, the trial court resentenced Appellant at each of his dockets. At Docket Numbers CP-51-CR-1111452-2002, and CP-51-CR-1109861-2002, the court imposed two concurrent terms of 30 years to life for both of Appellant's convictions for first-degree murder. ***See*** N.T., 11/15/21, at 87-89. The court imposed no further penalty on the remaining convictions at each docket.

On April 11, 2022, Appellant filed the present PCRA petition, his fourth. On April 28th, the PCRA court filed a Rule 907 notice of intent to dismiss without a hearing, finding the petition was untimely. Appellant filed a response, entitled "Timeliness," on May 9, 2022, in which he asserted his petition was timely filed due to newly discovered evidence and purported

- 5 -

***Brady*** violations.[6]  Appellant's Rule 907 Response, "Timeliness," 5/9/22, at 1-2.  On June 3, 2022, the PCRA court dismissed his petition.  Appellant filed a timely notice of appeal at each docket and on July 21, 2022, this Court consolidated the appeals.[7]  Order 7/21/22.

Appellant raises the following for our review:

1. Did the [PCRA c]ourt commit legal error and abuse[ ] its discretion by dismissing . . . Appellant's PCRA [petition] as untimely and not allowing leave to amend his PCRA [petition] to address the timeliness of his [petition] under Pa.R.Crim.P. 905(A) as Appellant requested in his response to Pa.R.Crim.P. 907 notice of intent to dismiss his PCRA petition[?]

2. [Should this Court] reverse and remand to the [PCRA c]ourt to allow Appellant the timeliness of PCRA as Appellant requested in his response to the [Rule] 907 notice of intent to dismiss[?]

---

[6] ***Brady v. Maryland***, 373 U.S. 83 (1963).

[7] Separate notices of appeal are required when a single order resolves issues arising on more than one trial court docket.  ***Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018), *overruled in part*, ***Commonwealth v. Young***, 265 A.3d 462, 477 (Pa. 2021) (reaffirming ***Walker***, but holding Pa.R.A.P. 902 permits appellate court in its discretion, to allow correction of the error where appropriate); ***see also*** Pa.R.A.P. 902 (amended May 10, 2023).  Moreover, in ***Commonwealth v. Johnson***, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*), this Court held that quashal is not necessary when an appellant files multiple notices of appeal listing more than one docket number so long as an appropriate number of notices of appeal were filed.  ***Id.*** at 1148.

Here, the PCRA court dismissed Appellant's petition on June 3, 2022. Appellant filed two timely notices of appeal, each listing both trial court docket numbers.  Under ***Johnson***, Appellant has substantially complied with the requirements of ***Walker***.  ***See Johnson***, 236 A.3d at 1148.

Additionally, the PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

3. Did Appellant address the timeliness of his subsequent PCRA [p]etition in his response to the object to Pa.R.Crim.P. 907[?]

Appellant's Brief at 2 (some capitalization omitted).

Before we may address the merits of Appellant's argument, we must determine if his PCRA petition was properly filed.

> The timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. A judgment of sentence is final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (citations, quotation marks, & emphasis omitted); *see also* 42 Pa.C.S. § 9545(b)(1), (3).

Here, Appellant's judgment of sentence became final on November 27, 2006 — 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* with the United States Supreme Court expired.[8]  *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct.

---

[8] Though Appellant was resentenced in November 2021, the date his judgment of sentence became final on November 27, 2006, for purposes of guilt claims alleged under the PCRA.  *See Commonwealth v. Lesko*, 15 A.3d 345, 366 (Pa. 2011) (petitioner who received federal habeas relief on sentencing was not permitted to "revive the claims that expired once the . . . verdict of guilt became final[;]" petitioner's "'right' to first petition PCRA review [was] necessarily confined to that part of the final Pennsylvania judgment that was disturbed by the federal habeas proceedings.").

R. 13(1) (requiring the filing of a petition for writ of *certiorari* within 90 days of entry of judgment). Generally, Appellant then had one year from that date to file a PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). He filed the present petition on April 11, 2022 — more than 15 years later — and as such, it is facially untimely.

The PCRA, however, allows for an appellant to file a petition after this period where they plead and prove one of the following timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii) (emphasis omitted). A petition pleading any of the above exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's present petition, filed over 15 years after his judgment of sentence became final, is facially untimely. He contends that he meets two of the timeliness exceptions — newly discovered evidence and government interference. First, Appellant asserts he obtained newly discovered evidence after the PCRA court resentenced him in November 2021. **See** Appellant's Brief at 5. Specifically, he alleges two family members contacted the Delaware

County District Attorney's Office regarding his criminal record and discovered he was not charged in the Delaware County robbery, which was used as prior bad acts evidence at his 2004 Philadelphia County murder trials. *See id.* Regarding government interference, Appellant avers the Commonwealth withheld information that he was not charged in the Delaware County robbery, thus amounting to a *Brady* violation. *Id.* at 6. Appellant insists that because he had limited access to public records, he exercised due diligence and could not have learned the purported newly discovered evidence or of the alleged *Brady* violation earlier. *See id.* at 5-7.

To assert an exception based on a newly discovered fact under subsection (b)(1)(ii) of the PCRA, a petitioner must, plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" *Commonwealth v. Staton*, 184 A.3d 949, 955 (Pa. 2018) (citation omitted). When determining if a party has exercised due diligence, the court must consider the petitioner's access to public records as well as whether they took "reasonable steps to protect [their] own interests[.]". *Staton*, 184 A.3d at 957 (citation omitted); *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (internal citation omitted). Additionally, to establish governmental interference under subsection (b)(1)(i), a petitioner must plead and prove that their failure to file the claim earlier was the result of "interference by a government actor[.]" *Staton*, 184 A.3d at 955 (citation omitted).

The PCRA court concluded Appellant failed to establish any of the timeliness exceptions to the PCRA's time-bar. PCRA Ct. Op., 6/2/22, at 4. Moreover, the court explained:

> [Appellant] alleges that his claim falls under the newly-discovered fact and government interference exceptions to the PCRA timeliness requirement because [after he was resentenced,] his relatives contacted the Delaware County District Attorney's Office[. The office] informed them that the Delaware County District Attorney had never filed a criminal complaint against [Appellant] for the [Delaware County] robbery. [The PCRA court] finds [Appellant's] claim completely unbelievable given that there is no possibility [he] was unaware he was not charged with a crime in Delaware County.
>
> [Appellant] must have known at the time of his trial that he was never arrested for the crime, so the newly discovered evidence exception does not apply. [Appellant] failed to contact the Delaware County's District Attorney's Office for more than [18] years, which shows a complete lack of due diligence.
>
> [Appellant] fails to establish that the Commonwealth took any action to interfere with his ability to contact the Delaware County's District Attorney's Office over the last [18] years, so the government interference exception does not apply.

*Id.* at 6 (paragraph breaks added). We conclude the court did not err when it dismissed Appellant's petition as untimely.

Here, Appellant contends that the contents of his own criminal record is a newly discovered fact. We agree with the PCRA court that it is improbable that Appellant did not know this information. Even if Appellant was unaware of the status of pending charges in Delaware County regarding the robbery — for the past 15 years — no proceedings have advanced against him for this

- 10 -

alleged crime. We do not accept his contention that limited access to public records can explain away 15 years of inactivity on his part.[9]

Further, we agree with the PCRA court that Appellant did not properly invoke the governmental interference exception. He has not alleged that a government official prevented him from raising his underlying claim, just that the Philadelphia District Attorney's Office did not inform him that the district attorney's office of another county did not advance charges against him.

Since Appellant failed to adequately plead and prove any exception under the PCRA's time-bar, the PCRA court did not err in dismissing his petition as untimely. Thus, we do not reach the merits of Appellant's underlying claims and no relief is due.[10]  **See Ballance**, 203 A.3d at 1031.

Order affirmed.

---

[9] As such, we note that **Commonwealth v. Small**, 238 A.3d 1267, 1271 (Pa. 2020), has no bearing on the present matter. In **Small**, the presumption, which stated that petitioners were deemed to be aware of all information contained in public records, was overruled. **Id.** at 1285-86. In this case, Appellant would have been fully aware of any charges against him in Delaware County.

[10] In Appellant's remaining argument, he appears to request leave to amend his underlying PCRA petition "to address the timeliness of his claim." **See** Appellant's Brief at 8. His argument implies he did not "properly allege" an exception under the PCRA's time-bar. **See id.** However, we note Appellant did, in fact, preserve arguments pertaining to the timeliness of his petition. **See** Appellant's Motion for Post Conviction Collateral Relief, 4/11/22, at 3. To the extent Appellant argues for the opportunity to "address timeliness," it seems he misunderstood the court's notice of dismissal. The court did not dismiss his petition because he did not allege any timeliness exceptions, but because he did not adequately plead and prove them. **See** Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 4/28/22, at 3.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2023